**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

Dennis Philipson,

      Plaintiff,

      v.                                   Case No. 26-cv-02123-BCL-cgc

Mid-America Apartment Communities, Inc. et al.,

      Defendants.

**ORDER DENYING TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

On March 13th, 2026, Plaintiff, proceeding *pro se*, filed a Third Amended Complaint in this case seeking damages and equitable relief.[1] *See* Doc. 30 at 4. The same day, Plaintiff filed the instant Motion for Temporary Restraining Order and Preliminary Injunction. Doc 28. Plaintiff requests that all Defendants be temporarily restrained from:

> directly or indirectly initiating, requesting, encouraging, transmitting, relaying, or causing any ex parte welfare check, law-enforcement contact, emergency-custody referral, temporary-detention referral, or similar police or mental-health intervention directed at Plaintiff or Plaintiff's residence, based on allegations arising out of Plaintiff's litigation, employment history with MAA, or whistleblower activity, unless the reporting person has a genuine good-faith belief, based on contemporaneous personal knowledge, that Plaintiff presents an imminent threat of serious physical harm to himself or others[.]

*Id.* at 17. In addition, Plaintiff requests that:

> the same persons are temporarily restrained from communicating to any law-enforcement agency, court-security office, crisis-response provider, or similar authority, as a statement of fact, that Plaintiff is suicidal, dangerous, or "known to

---

[1] Defendants dispute that this is the operative complaint. The Court does not address the issue here, because it is irrelevant to resolution of Plaintiff's motion for a temporary restraining order or preliminary injunction.

display erratic behavior," unless the communication is based on contemporaneous personal knowledge and the original source materials supporting the communication are preserved[.]

*Id.* For the following reasons, the Plaintiff's Motion is **DENIED**.

## BACKGROUND

At 1:02 AM on a Sunday night, Plaintiff sent a message to alleged Defendant Mid-America Apartment Communities' whistleblower line which stated, "I wonder who the FBI have working for them, all while I contemplate suicide almost daily." Doc. 28-2 at 1. When one of the other alleged Defendants then forwarded the message to Plaintiff's wife, she responded that Plaintiff had been to a doctor and the emergency room and "was fine," with Plaintiff replying by appending a vulgarity. *See* Doc. 28-2 at 1; Doc. 28-3 at 1. Related information was apparently relayed to officers of the Fairfax County Police Department, who then conducted a welfare check. Doc. 28-1. The police narrative prompting their investigation included the following:

> [Plaintiff] USED TO WORK FOR MID AMERICA APTS AND WAS LET GO SEVERAL MONTHS AGO AND HAS BEEN HARASSING THE COMPANY/ [Plaintiff] WAS ALSO INVOLVED IN CIVIL CASE WITH THEM AND LOST AND THEN STARTED HARASSING THE ATTORNEY/ [Plaintiff] RECENTLY SENT AN EMAIL TO THE ATTORNEY ON 3/1 STATING HE'S CONTEMPLATING SUICIDE EVERYDAY WITH NO PLAN. . . [Plaintiff] IS KNOWN TO DISPLAY ERRATIC BEHAVIOR

*Id.* at 1–2.

## LEGAL STANDARD

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The default rule is that a plaintiff seeking a preliminary injunction must make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

2

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). "If the plaintiff fails to show a likelihood of success on the merits, the court may deny [the motion for a temporary restraining order] without any further consideration." *United States Sportsmen's All. Found. v. Centers for Disease Control & Prevention*, 167 F.4th 813, 818 (6th Cir. 2026) (citing *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020)).

**ANALYSIS**

As explained below, Plaintiff's Motion is denied because Plaintiff has not satisfied any of the elements required to obtain a temporary restraining order or injunctive relief.

**I.   Likelihood of Success[2]**

Although Plaintiff invokes multiple areas of Tennessee law, his motion does not discuss any statutes or relevant caselaw regarding abuse of process/retaliatory conduct. Because Plaintiff has not developed this argument, the Court will not consider it and will only address defamation and false light. *See Knall Beverage, Inc. v. Teamsters Loc. Union No. 293 Pension Plan*, 744 F.3d 419, 424 (6th Cir. 2014) ("[V]ague references to an issue

---

[2] Defendants have moved to dismiss for want of jurisdiction, with supporting documentation. Docs. 35, 36. By Order entered contemporaneously with this Order, the Court has stayed all proceedings pending adjudication of that threshold issue. It is odd to address a substantive motion while jurisdiction remains unresolved, but the Court is moving ahead on this Motion because Plaintiff is seeking emergency relief which, if the request were well-founded, should not await the outcome of the proceedings relating to jurisdiction. The other option, of course, was to expedite the proceedings on jurisdiction as a prelude to an expedited ruling on the TRO motion, but that would require depriving Plaintiff of time to respond to the jurisdictional challenge to his entire lawsuit. Hence the approach taken here: ruling on the TRO motion while acknowledging that the question of jurisdiction remains open. But to be clear, based on the information before the Court so far, including the affidavit submitted be Defendants, it currently appears that the Court likely lacks jurisdiction---which is another reason this Motion must be denied.

fail to clearly present it to the district court." (quoting *Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996))).

"The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). Thus, "the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (citing Restatement (Second) of Torts § 580 B (1977); *Press, Inc. v. Verran*, 569 S.W.2d 435, 442 (Tenn. 1978)).

False light is a distinct tort in which the facts recounted may or may not be true, but their presentation places the plaintiff in a false light. *See West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 645 (Tenn. 2001) (quoting *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 83 (W. Va. 1983)). To prevail on false light, Plaintiff "must prove that (1) a party gave publicity to a matter in a way that placed him in a false light; (2) the false light in which he was placed would be highly offensive to a reasonable person; and (3) the party had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which he would be placed." *Charles v. McQueen*, 693 S.W.3d 262, 280 (quoting *West*, 53 S.W.3d at 643–44 (quoting Restatement (Second) of Torts § 652E (1977))) (citation modified).

In this case, the standard of care is the same for both torts. "Ordinarily, a plaintiff asserting a defamation claim must prove that the defendant made a false statement and did so negligently." *Id.* at 266. Similarly, "[w]hen the false light plaintiff is a private individual

and the speech at issue relates only to a matter of private concern, the negligence standard applies." *Id.* at 269 (citing *West*, 53 S.W.3d at 647–48). Put differently, "[i]n determining the issue of liability the conduct of the defendant is to be measured against what a reasonably prudent person would, or would not, have done under the same or similar circumstances." *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 418 (Tenn. 1978).

Again, Plaintiff has the burden of showing he is likely to succeed on the merits. *See McKinney*, 602 U.S. at 346. First, Plaintiff has not proven the falsity of, or false light generated by, the allegedly tortious statements regarding the tenure of his employment, the result of his civil case, whether or not he "sent an email," and the characterization of his behavior as harassing or "erratic." But even if Plaintiff had shown those statements to be false, or to have placed him in a false light, Plaintiff has not carried his burden of showing that the defendants made the statements with the requisite degree of fault. Plaintiff has presented no argument or caselaw as to negligence in these circumstances, i.e., what a reasonably prudent person would have done when faced with a former employee who has repeatedly left messages on a whistleblower hotline and who is embroiled in long-running litigation related to those messages, then leaves a new message after midnight expressing that he considers suicide nearly every day. *See McQueen*, 693 S.W.3d at 266, 269; *Nichols*, 569 S.W.2d at 418. A reasonably prudent person could, upon becoming aware of that message, share the statement for the limited purpose of seeking a welfare check even if the person who made the statement or a lay person close to him states that no such check is needed. To conclude otherwise would disserve the public by disincentivizing initiation of welfare checks through the threat of liability. Indeed, for that reason the law often privileges similar statements, so that they cannot result in liability unless they are made

with actual or express malice—a standard the Court need not apply here but which Plaintiff certainly has not satisfied. *See generally Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18 (Tenn. 2007); *Whitehurst v. Martin Med. Ctr., P.C.*, No. W2001-03034-COA-R3CV, 2003 WL 22071467, at *5 (Tenn. Ct. App. Aug. 28, 2003).

As Plaintiff has not shown the conduct in this case violates the standard of care as required to prove defamation or false light, he has not shown a likelihood of success on the merits as required to obtain a temporary restraining order or injunctive relief. *See McKinney*, 602 U.S. at 346.

## II. Remaining prongs

Under Sixth Circuit precedent, the Court does not need to proceed further in its analysis because Plaintiff has not shown likelihood of success on the merits. *See United States Sportsmen's All. Found.*, 167 F.4th at 818. But Plaintiff likewise has not established the other elements required for a temporary restraining order or injunctive relief.

*First*, Plaintiff has not shown that he will face irreparable harm without injunctive relief because there is no indication these events will recur. *See Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) ("[T]he fact that a harm occurred in the past 'does nothing to establish a real and immediate threat that' it will occur in the future, as is required for injunctive relief." (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983))). Indeed, Plaintiff can eliminate or at least render highly unlikely any possibility of recurrence simply by refraining from expressing suicidal ideation or conveying similar communications to Defendants.

*Second* and *third*, Plaintiff has not shown that the balance of the equities and the public interest support an injunction. An injunction could prevent or disincentivize

6

Defendants from reporting threatening or otherwise concerning statements to healthcare workers or law enforcement, which would disservice Plaintiff, Defendants, and the public. But, in the absence of an injunction, Plaintiff faces no apparent threat and, even if he did, he could easily minimize it by refraining from making statements to Defendants similar to the one that prompted the welfare check leading to this Motion.

## CONCLUSION

Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**, this 19th day of March, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE